# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVADOR CARDENAS LUPERCIO,<br><br>Petitioner,<br><br>v.<br><br>IMMIGRATION AND NATURALIZATION SERVICES,<br><br>Respondent. | Civil Action No. 18-15171 (RBK)<br><br><br>**OPINION AND ORDER** |

Before the Court is *pro se* Petitioner Salvador Cardenas Lupercio's (hereinafter, "Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and first application to proceed *in forma pauperis*. On November 14, 2018, the Court administratively terminated this matter for Petitioner's failure to either pay the requisite filing fee of $5.00 or submit an application to proceed *in forma pauperis*. (ECF No. 2). Upon review of Petitioner's new submission, the Court finds that Petitioner has sufficiently demonstrated that he is indigent and will grant Petitioner's request to proceed *in forma pauperis*. *See* L. Civ. R 81.2(c).

Next, Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), requires the Court to preliminarily review § 2241 habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), a habeas petition pursuant to § 2241 must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Section 2241 petitions

which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal" under the Rule. *Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

As pleaded, Petitioner's Petition appears to baldly claim that he is entitled to "invoke [his] rights to a quick and speedy trial" and sets forth his entire claim as follows: "Under U.S.C.S. Title 28 U.S.C. 2255 I wish to Challenge my Immigration Hold/Detainer and to be placed in Federal Custody to proceed with any and all Legal Proceedings referring to my Immigration Case# 076225251."[1] (ECF No. 1, at 3, 6–7).

Based on the limited information in his Petition, the Court gleans that Petitioner is currently serving a state criminal sentence. Section 2241 confers jurisdiction upon federal courts to hear petitions challenging pre-removal immigration detentions during the course of removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). However, a district court has jurisdiction to hear a petition filed pursuant to § 2241 *only* if the petitioner is "in custody." *James v. Dist. Attorney York Cnty.*, 594 F. App'x 66, 67 (3d Cir. 2015) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Verde–Rodriguez v. Att'y Gen.*, 734 F.3d 198, 204 n.4 (3d Cir. 2013)). A petitioner who is serving a criminal sentence is not "in custody" for purposes of § 2241 merely because an immigration detainer has been lodged against him or her. *Adams v. Apker*, 148 F. App'x 93, 95 (3d Cir. 2005). Accordingly, insofar as Petitioner is challenging an immigration detainer while serving a state criminal sentence, the Court dismisses the Petition for a lack of jurisdiction.

---

[1] To the extent that Petitioner appears to seek relief under § 2255 rather than § 2241, Petitioner fails to allege that he is "in custody under sentence of a court established by Act of Congress," alleging instead that he is serving a state court sentence. (ECF No. 1, at 2).

To the extent that Petitioner is attempting to raise other claims, his Petition fails to articulate any substantive legal arguments in support of his claims that he is entitled to habeas relief under 28 U.S.C. § 2241. (ECF No. 1). It therefore appears that Petitioner has failed to "specify all grounds for relief" he wishes to raise and has likewise failed to provide appropriate supporting facts. In light of the foregoing considerations, Petitioner's Petition also fails to satisfy the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases, and the Court must dismiss his Petition without prejudice as a result. *See, e.g., Anderson*, 82 F. App'x at 749.

IT IS, therefore, on this  18th   day of December, 2018,

**ORDERED** that the Clerk shall re-open this matter; and it is further

**ORDERED** that Petitioner's application to proceed *in forma pauperis* (ECF No. 3) is GRANTED; and it is further

**ORDERED** that Petitioner's Petition (ECF No. 1) is hereby DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that Petitioner is granted leave to amend his Petition to be re-filed on the appropriate habeas form and to provide sufficient factual and contextual support for any claims he wishes to raise in that pleading within thirty (30) days of the date of this Opinion and Order; and it is further

**ORDERED** that if Petitioner wishes to reopen this case and pursue his claims in this District under 28 U.S.C. § 2241, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within thirty (30) days of the date of entry of this Opinion and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and

contain all of the claims Petitioner wishes to raise accompanied by the facts supporting those claims sufficient to permit Respondent to adequately answer his claims; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed § 2241 petition, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner the following blank habeas petition form: AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of this Order and the blank habeas form listed above on Petitioner by regular U.S. mail at his current address of record; and it is finally

**ORDERED** that the Clerk of Court shall once again CLOSE the file.

                                                              s/Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge